SMITH, Justice,
concurring:
f 42. I agree with the majority’s conclusion that because Ernie may be able to recover under the Vaccine Act, his claim should be dismissed. As the majority explains, because- Ernie has not attempted to bring his claim before the Federal Claims *744 Court, his claim for fraudulent misrepresentation lacks the essential element of injury. The majority fails to note, however, that Ernie’s claim also lacks the essential element of reliance. The majority states that should Ernie’s claim be dismissed by the Federal Claims Court, Ernie may then bring his claim for fraudulent misrepresentation in state court. This statement implies that Ernie, once he establishes the element of injury, has a valid claim for fraudulent misrepresentation. Such is not the law of this State as declared by this Court.
¶ 43. This Court has held that, in order to establish fraudulent misrepresentation, the following elements of fraud must be proven by clear and convincing evidence:
1) a representation; 2) its falsity;' 3) its materiality; 4) the speaker’s knowledge of its falsity or ignorance of its truth; 5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; 6) the hearer’s ignorance of its falsity; 7) his reliance on its truth; 8) his right to rely thereon; and 9) his consequent and proximate injury.
Levens v. Campbell, 733 So.2d 753, 761-62 (Miss.1999) (citing Martin v. Winfield, 455 So.2d 762, 764 (Miss.1984); Spragins v. Sunburst Bank, 605 So.2d 777, 780 (Miss.1992)). Despite the fact that Ernie may have been injured by his parents’ reliance on the alleged representations of CMG, CMG did not make the representations to Ernie, nor did CMG intend for Ernie to rely on the representations. Ernie did not hear the alleged representations, and he did not detrimentally rely on the representations. This Court has never held that actual reliance upon the representation itself is not required for fraud to be actionable, nor has it adopted a doctrine of imputed reliance, allowing the representations made to Ernie’s parents and their reliance upon those representations to be imputed to Ernie. It is my view that the majority opinion implies that the law of this State may be to the contrary. I therefore concur only in the result reached by the majority.
COBB, J., JOINS THIS OPINION.